IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2144-FL

| | |
|---|---|
| THOMAS FRANKLIN CROSS, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts.

Court records indicate that petitioner previously filed a petition seeking habeas relief pursuant to § 2254. See Cross v. Hall, No. 5:10-HC-2250-D (E.D.N.C. dismissed, July 25, 2011). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

   (A)   the applicant shows that the claim relies on a new rule of
         constitutional law, made retroactive to cases on collateral

---

[1] Petitioner altered the form he submitted in support of his habeas petition to reflect that he is filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. A § 2255 may only be used to challenge a federal conviction. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Petitioner, however, does not have any pending federal criminal action or conviction in this court, but rather challenges the validity of his North Carolina state court convictions. Petitioners may not circumvent the procedural requirements and gatekeeping mechanisms of §§ 2254 and 2255 by attaching a particular label. Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief); In re Vial, 115 F.3d at 1194. Accordingly, the court construes petitioner's petition as one pursuant to § 2254.

> > review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The fact that a petition is dismissed as time-barred does not affect the requirement that a petitioner seek authorization under § 2244(b)(3)(A) to file a second or successive claim. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); see also, Jeter v. White, No. 4:06-424-HMH-TER, 2006 WL 1391500, *2 (D.S.C. May 19, 2006) ("Dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b).") (citation omitted), dismissed by, 2006 WL 3018022, 203 F. App'x 533 (4th Cir. 2006).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have

2

jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, petitioner's habeas claim is DISMISSED without prejudice to allow him to seek authorization to file this application.

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

3

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

In summary, petitioner's § 2254 petition is DISMISSED without prejudice to allow petitioner to seek authorization from the Fourth Circuit Court of Appeals to file this second or successive action. Additionally, a certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 17th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge